EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALEJANDRO RAMÍREZ GONZÁLEZ, acusado y apelante.

Núm. 9081.—*Sometido:* Julio 15, 1942. *Resuelto:* Julio 31, 1942.

*Felipe Colón Díaz,* abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Este es un caso de acometimiento y agresión con circunstancias agravantes. Alejandro Ramírez González fué denunciado ante la Corte Municipal de Ponce por el cabo Rosario de la Policía Insular, de haber acometido y agredido a Moreno Martínez con una escopeta, en la playa de Ponce, el 27 de noviembre de 1937, con intención de causarle daño en su persona, infiriéndole varias heridas.

La causa fué en apelación a la corte de distrito y celebrado el nuevo juicio que ordena la ley, Ramírez fué declarado culpable imponiéndosele cien dólares de multa y en defecto de pago un día de cárcel por cada dólar dejado de satisfacer. Apeló para ante esta Corte Suprema y el único error que señala es el que se dice cometido por la corte de distrito al apreciar la evidencia como demostrativa de la culpabilidad del acusado.

De modo terminante declaró Moreno que en el sitio y en la fecha fijados en la denuncia, yendo con unos muchachos en busca de unas hojas para su mamá que estaba enferma, el acusado le dijo, "Ven acá, Grande, que te estoy buscando a ti." Explica que lo llaman "Grande," y continuó: "Entonces yo me iba de allí; cuando me apuntó con la escopeta, yo creía que no me iba a hacer nada, me tiró, me tiré en una zanja y me escondí." Indica donde fué herido con los perdigones de la escopeta. Dijo que andaba con Pedro Rosado, Domingo Ruiz y Tomás Ramírez, a quienes desde un principio puso como testigos, pero que la policía no llamó. Niega que estuviera comiendo caña ni que tuviera

cuchillo alguno en la· mano. Sus acompañantes corrieron cuando el disparo.

Frente a esa declaración están las del acusado y el testigo Baldomero Soler. Dijo el primero que era celador de la hacienda Reparada y que portaba una escopeta en defensa de la propiedad y su persona; que Moreno estaba acompañado de cuatro más, cada uno con su cuchillo; que los vió salir de una pieza de caña y les dijo que se fueran de allí y se negaron, y al amenazarlos con llevarlos a la hacienda, se le armaron y él entró a cejar y Moreno se le fué encima con el cuchillo a cortarlo y tuvo que hacer uso de su escopeta. El testigo Soler, que trabajaba en la pieza de cañas, tiende a corroborar lo dicho por el acusado.

La corte resolvió el conflicto en contra del apelante y éste se esfuerza en su alegato en demostrar que su resolución fué errónea. Invoca los artículos 520 y 524 del Código de Enjuiciamiento Civil, en el sentido de que no debió darse crédito a la declaración del perjudicado porque se demostró en el juicio que había faltado a la verdad declarando en él que el hecho no había ocurrido en la pieza de caña, cuando había manifestado a la policía que sí.

Examinadas las declaraciones del sargento Rosario y del policía Arce encontramos que la llamada contradicción puede explicarse sin que sufra el crédito del testigo. En el juicio el perjudicado declaró directamente. Lo que el sargento y el policía declararon es lo que dijeron que les dijo el perjudicado cuando se practicó la investigación preliminar. Y lo manifestado finalmente por el sargento explica satisfactoriamente lo ocurrido, a saber: que el perjudicado admitió "que estaba en la pieza de caña. Él nunca negó que había ido allí a buscar unas hojas para una medicina para la mamá." Y ello armoniza con la totalidad del testimonio del perjudicado ante el juez sentenciador.

Por el contrario, lo que no se explica es que, como declaró el policía Arce que fué el que primero se comunicó con

el acusado, nada le manifestara éste acerca de que Moreno se le fuera encima con un cuchillo, diciéndole únicamente que era celador de la colonia Reparada y los muchachos habían insultado a su esposa, que estaba por la finca, agregando que esos muchachos acostumbraban meterse allí para comer caña.

No se ha demostrado pasión, prejuicio o parcialidad por parte del tribunal sentenciador ni error manifiesto al dirimir el conflicto de la prueba dejando de dar crédito a la teoría de la defensa propia en relación con la de la propiedad presentada últimamente por el acusado.

Y si éste no fué atacado, el hecho de que el perjudicado y sus amigos estuvieran en los terrenos que custodiaba aun cuando los encontrara comiendo cañas, no lo justificaba para disparar su escopeta y herir a uno de ellos.

La condena de cien dólares de multa cuando pudo imponerle mil o dos años de cárcel o ambas penas a la vez, revela que el juez sentenciador apreció cualquier circunstancia que pudiera concurrir en favor del acusado, no llegando nunca a la absolución porque ello hubiera constituído una injusticia dado el juicio que formó sobre la verdad de lo ocurrido.

*Debe declararse el recurso sin lugar y confirmarse la sentencia.*